IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JERMAINE D. CARPENTER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 23-cv-1927-SMY |
| | ) |
| DAVID MITCHELL, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Jermaine D. Carpenter filed Petition for Writ of Habeas Corpus (Doc. 1) on June 5, 2023. He has now filed a Motion for Substitution of Judge (Doc. 11). Carpenter's request for substitution is made under state law, 735 ILCS 5/2-1001 because he alleges his case is "dormant." (Doc. 11). The Court construes this request as a Motion for Recusal of Judge under 28 U.S.C. §455 or 28 U.S.C. §144.

Section 455 presents two situations in which a federal judge is expected to recuse herself. *See* U.S.C. §455(a)-(b). First, recusal is mandatory in any proceeding in which the judge's "impartiality might reasonably be questioned." 28 U.S.C. §455(a). Here, Plaintiff does not challenge this judge's impartiality.

Under §455(b), a judge is also expected to recuse herself when any of the five statutorily prescribed criteria can be shown to exist. *See* 28 U.S.C. §455(b)(1)-(5). Section 455(b)(1) calls for disqualification in any proceeding in which a judge has a "personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning that proceeding." *Id*. Section 455(b)(2) requires disqualification where a judge, among other things, served as a lawyer in the matter while in private practice. *Id.* Section 455(b)(3) calls for disqualification when a

judge "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy." *Id.* Section 455(b)(4) mandates disqualification when a judge knows that she, as an individual or a fiduciary, or her spouse or minor child residing in the household has a financial interest in the subject matter in controversy or any other interest that could be substantially affected by the outcome. *Id.* Section 455(b)(5) requires disqualification when an individual who shares a certain relationship with the judge is also named as a party to the proceeding. *Id.* Carpenter asserts none of these grounds in support of his request for a different judge, and the Court is aware of no such grounds for recusal in this matter.

Accordingly, Jermaine D. Carpenter's Motion for Substitution of Judge (Doc. 11) is **DENIED**.

**IT IS SO ORDERED.**

**DATED:  February 16, 2024**

**STACI M. YANDLE**
**United States District Judge**