fIN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JERMAINE D. CARPENTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 23-cv-1927-SMY |
| | ) | |
| DAVID MITCHELL, | ) | |
| | ) | |
| Respondent. | ) | |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Petitioner Jermaine D. Carpenter, a state prisoner who was previously incarcerated at Pinckneyville Correctional Center (IDOC) ("Pinckneyville")[1] brings this habeas action pursuant to 28 U.S.C. § 2241.  Carpenter challenges the calculation of his sentence by the trial court and its failure to credit him with 698 days spent in custody as a pretrial detainee at Rushville Treatment and Detention Center.

This matter is now before the Court for preliminary review.  Rule 4 of the Federal Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) gives this Court the authority to apply the rules to other habeas corpus cases.

While Carpenter labeled his claim as a Section 2241 petition, his claim is properly brought pursuant to 28 U.S.C. §2254, which is the "exclusive remedy for a state prisoner who challenges

---

[1] Carpenter has filed a notice of change of address with the Clerk of Court indicating that he is now at Illinois Department of Human Services Treatment and Detention Facility in Rushville, Illinois.

the fact or duration of his confinement and seeks immediate or speedier release." *Heck v. Humphrey*, 512 U.S. 477, 481 (1994); *see also Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) ("[Section] 2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under §2241 will not permit the prisoner to evade the requirements of §2254). However, before the Court can recharacterize Carpenter's filing as a Section 2254 petition, it must notify him that such recharacterization may bar him from asserting a habeas challenge to his state sentence at a later date, as 28 U.S.C. §2244(b) prohibits "second or successive" §2254 petitions. The Court must also provide the petitioner an opportunity to withdraw the motion or amend it so that it contains the §2254 claims he intends to assert.  See *Castro v. Untied States*, 540 U.S. 385, 383 (2003).

Accordingly, Carpenter shall notify the Court **WITHIN THIRTY (30) DAYS OF THE DATE OF THIS ORDER** if he consents to the recharacterization of his 2241 petition as a 2254 petition.  If he consents to the recharacterization, Carpenter may amend his petition to include any additional claims alleging that his state court conviction and sentence were imposed in violation of the Constitution.  Alternatively, Carpenter may withdraw his petition.

**IT IS SO ORDERED.**

**DATED:  July 25, 2025**

**STACI M. YANDLE**
**United States District Judge**